UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND T. FULLER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD C. WINTER, Secretary of the Navy, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-2147 (JDB) |

## ANSWER

Defendant, Donald C. Winter, the Secretary of the Navy ("Secretary"), hereby answers Plaintiff's complaint as follows.

In response to the specific allegations in the numbered paragraphs of the Complaint, the Secretary answers as follows:

### JURISDICTION

1. The allegations in paragraph 1 set forth legal conclusions and characterization of plaintiff's claims regarding jurisdiction, to which no response is required. To the extent paragraph 1 contains any allegations of fact, denied.

2. The allegations in paragraph 2 set forth legal conclusions and characterizations regarding jurisdiction, to which no response is required. To the extent paragraph 2 contains any allegations of fact, denied.

## PARTIES

3. Admits the allegations in paragraph 3 and avers that the Navy commissioned Plaintiff an ensign on October 1, 1983 and discharged Plaintiff from active duty on December 31, 2000.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 4, and so denies.

5. Admits the allegation in paragraph 5.

## STATUTE OF LIMITATIONS AND
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Admits the allegation in paragraph 6.

7. Admits the allegation in paragraph 7

8. Admits the allegation in paragraph 8.

9. Paragraph 9 contains a conclusion of law to which no response is required. To the extent paragraph 9 contains any allegation of fact, denied.

10. Paragraph 10 contains a conclusion of law to which no response is required. To the extent paragraph 10 contains any allegation of fact, denied.

11. Paragraph 11 contains a conclusion of law to which no response is required. To the extent paragraph 11 contains any allegation of fact, denied, except to the extent that this paragraph re-states factual allegations, Defendant admits that Plaintiff was discharged from active duty service effective December 31, 2000.

12. Paragraph 12 contains a conclusion of law to which no response is required. To the extent paragraph 12 contains any allegation of fact, denied, except to the extent that

Defendant admits that Plaintiff filed the complaint in this action within six years of December 31, 2000.

## STATEMENT OF FACTS

### Plaintiff's Military Service Prior to Incidents in Question

13. Admits the allegations in paragraph 13.

14. Admits the allegations in paragraph 14 only to the extent that the allegations are consistent with the fact that the Navy commissioned Plaintiff an ensign on October 1, 1983 and discharged Plaintiff from active duty on December 31, 2000.

15. Paragraph 15 contains plaintiff's characterization of his own performance to which no response is required. To the extent paragraph 15 contains allegations of fact, Defendant refers the Court to Plaintiff's entire service record, which is the best evidence of its contents, and Defendant admits that Plaintiff was awarded the Navy and Marine Corps Commendation Medal four times during his active duty service.

16. Admits the allegations in paragraph 16.

17. Paragraph 17 contains Plaintiff's characterization of the pace of his promotion to which no response is required. To the extent paragraph 17 contains allegations of fact, Defendant admits that Plaintiff was promoted as indicated in his service record, which is the best evidence of its contents, and that he was promoted to Lieutenant Commander effective on or about November 1, 1993.

18. Paragraph 18 contains Plaintiff's characterization of his fitness reports to which no response is required. To the extent that paragraph 18 contains allegations of fact, Defendant admits that Plaintiff received fitness reports which are the best evidence of their contents.

19. Admits the allegations in paragraph 19.

20. Admits the allegations in paragraph 20.

**The Alleged Incidents in Question**

21. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 21, and so denies.

22. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 22, and so denies.

23. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 23, and so denies, except to admit that Ms. Dannemiller's husband was a Lieutenant Colonel ("LTC") Army Guard/ Reservist.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24, and so denies.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25, and so denies.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26, and so denies.

**Nonjudicial Punishment**

27. Admits the allegations in paragraph 27 to the extent that the Inspector General's Office conducted an investigation of Plaintiff's conduct.

28. Admits the allegations in paragraph 28.

29. Admits the allegations in paragraph 29 to the extent consistent with the nonjudicial punishment under Article 15 of the Uniform Code for Military Justice ("UCMJ")

which is the best evidence of its contents. Defendant further avers that Plaintiff was charged with violating one specification of the Joint Ethic Regulations for sending a photograph of a male's nude buttocks and anus not simply a "man's buttocks."

30. Admits the allegations in paragraph 30 to the extent that Plaintiff did submit a response (substantially described in paragraph 30) to the charges brought against him at nonjudicial punishment ("NJP"). To the extent that this paragraph contains legal conclusions, Defendant denies that Plaintiff was entitled to a not guilty finding on any charge or specification at his NJP proceeding and further to any relief whatsoever.

31. Admits the allegations in paragraph 31.

32. Admits the allegations in paragraph 32 but avers that Plaintiff losing his promotion to Commander was not part of the authorized punishment imposed at NJP but instead constituted a separate administrative measure.

## Board of Inquiry

33. Admits the factual allegations in paragraph 33 concerning the identity of witnesses, but denies Plaintiff's characterizations of the testimony which is the best evidence of its contents, and further denies that this paragraph entitles Plaintiff to any relief whatsoever.

34. Admits the factual allegation in paragraph 34 concerning the existence of a document which is the best evidence of its contents, but denies Plaintiff's characterization of it, and further denies that this paragraph entitles Plaintiff to any relief whatsoever.

35. Admits the allegation in paragraph 35 concerning the existence of information from CAPT Cummings in the administrative record concerning Plaintiff's work, which is the best evidence of its contents, but denies Plaintiff's characterization of it.

36. Admits the allegations in paragraph 36.

37. Admits the allegations in paragraph 37.

38. Admits the allegation in paragraph 38.

39. Admits the allegations in paragraph 39, and avers that the quoted portion of Admiral Weaver's statement is incomplete, and the complete version is the best evidence of its contents.

## Plaintiff's Discharge

40. Admits the allegations in paragraph 40.

## Application to the Board of Correction of Naval Records

41. Admits the allegation in paragraph 41, and avers that the application is the best evidence of its contents.

42. Paragraph 42 contains Plaintiff's characterization of the arguments made in his application to the BCNR, which is the best evidence of its contents, and to which no response is required. To the extent paragraph 42 contains any allegations of fact, denied.

43. Paragraph 43 contains Plaintiff's characterization of the arguments made in his application to the BCNR, which is the best evidence of its contents, and to which no response is required. To the extent paragraph 43 contains any allegations of fact, denied.

44. Admits the allegations in paragraph 44.

45. Paragraph 45 contains Plaintiff's characterization of a portion of the Board of Correction for Naval Records' conclusions regarding Plaintiff's application for correction of his records, which is the best evidence of its contents. Defendant admits the allegations of fact in paragraph 45 only to the extent supported by the entire document.

46. Admits the allegations in paragraph 46.

47. Admits the allegations in paragraph 47.

48. Admits the allegations in paragraph 48.

49. Admits the allegations in paragraph 49 to the extent supported by the administrative record, which is the best evidence of its contents.

50. Admits the allegations in paragraph 50.

## Statutory and Regulatory Guidance Governing the Board for Correction of Naval Records

51. Paragraph 51 contains a conclusion of law to which no response is required. To the extent paragraph 51 contains any allegation of fact, denied.

52. Paragraph 52 contains conclusions of law to which no response is required. To the extent paragraph 52 contains any allegation of fact, denied.

53. Paragraph 53 contains an excerpt of a federal regulation which is the best evidence of its contents in its entirety. To the extent paragraph 53 contains any allegation of fact, denied.

54. Paragraph 54 contains an excerpt of a federal regulation which is the best evidence of its contents in its entirety. To the extent paragraph 54 contains any allegation of fact, denied.

55. Paragraph 55 contains conclusions of law to which no response is required. To the extent paragraph 55 contains any allegation of fact, denied, except to admit that the Secretary has broad discretion in the areas alleged in the Complaint.

## LEGAL CLAIMS

### Count I

56. In response to paragraph 56, Defendant repeats and re-alleges its responses to paragraphs 1 through 55, as if fully set forth herein.

57. Denied.

58. The allegation in paragraph 58 concerning "the use of boilerplate language in the Assistant Secretary's December 16, 2005 memorandum decision" fails to identify any particular language, and is thus so vague and ambiguous that Defendant is unable to respond. The remainder of paragraph 58 contains Plaintiff's legal conclusions and characterizations to which no response is required. To the extent that paragraph 58 contains allegations of fact denied, and Defendant avers that the decision is the best evidence of its contents.

59. Paragraph 59 contains Plaintiff's legal characterizations to which no response is required. To the extent that paragraph 59 contains allegations of fact, denied, and Defendant avers that the decision is the best evidence of its contents.

60. Paragraph 60 contains conclusions of law to which no response is required. To the extent paragraph 60 contains any allegation of fact, denied.

61. Denied.

62. Paragraph 62 contains conclusions of law to which no response is required. To the extent paragraph 62 contains any allegation of fact, denied.

63. Denied.

64. Denied.

## Count II

65. In response to paragraph 65, Defendant repeats and re-alleges its responses to paragraphs 1 through 64, as if fully set forth herein.

66. Denied.

67. Denied.

68. Paragraph 68 contains a conclusion of law to which no response is required. To the extent paragraph 68 contains any allegations of fact, denied.

69. Denied.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint, including those numbered (1) through (5) set forth Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever.

Defendant denies any remaining allegations not specifically admitted above.

Dated: March 20, 2007.

        Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

Of Counsel:
Sergio F. Sarkany, Lieutenant, U.S. Navy
Litigation Attorney
Office of the Judge Advocate General
General Litigation Division