# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RAYMOND T. FULLER, JR., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2147 (JDB) |
| | ) | |
| DONALD C. WINTER, | ) | |
| Secretary of the Navy, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff, pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully submits this cross-motion for summary judgment. No genuine dispute exists as to any material fact and Plaintiff is entitled to judgment as a matter of law.

In support of his motion, Plaintiff submits a memorandum of points and authorities, which includes his argument in opposition to Defendant's motion for summary judgment. Pursuant to LCvR 7, this motion is accompanied by a statement of material facts as to which Plaintiff contends there is no genuine issue.

Respectfully submitted,

/s

David P. Sheldon (446039)
LAW OFFICES OF DAVID P. SHELDON, PLLC
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575

Attorney for Plaintiff

October 4, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| RAYMOND T. FULLER, JR., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2147 (JDB) |
| | ) | |
| DONALD C. WINTER, | ) | |
| Secretary of the Navy, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S CROSS-MOTION
FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Plaintiff respectfully submits this memorandum in support of his cross-motion for summary judgment and in opposition to Defendant's motion for summary judgment. Plaintiff demonstrates below that he has stated claims upon which relief may be granted, there is no genuine dispute as to any material fact, and the application of the law to the facts requires the entry of judgment in his favor. Plaintiff respectfully requests that oral argument be granted in this case.

This case involves the involuntary separation of an outstanding member of the Navy. It illustrates the disastrous consequences that may befall a service member where the government fails to understand and adhere to federal statutes and its own regulations, in violation of the service member's rights to due process of law under the Fifth Amendment to the U.S. Constitution. The regulations applicable to this action create procedural rights that help ensure that service members are treated fairly. They failed to protect Plaintiff in this case not because the law is inadequate, but because the government failed to respect the law.

Plaintiff sought to correct his records and remedy the injustices inflicted upon him by the Navy by applying to the Board of Correction for Naval Records (BCNR). Because Plaintiff satisfied the standard required to demonstrate the existence of error and injustice warranting the correction of his records, the BCNR unanimously recommended that he be granted relief. However, the Secretary of the Navy, acting through designees, overruled the BCNR.

Notwithstanding Defendant's literary allusions (Def. Memo at 1), this case is about law, not mercy. This case boils down to a single question: did the Secretary's decision rejecting the BCNR's unanimous recommendation violate federal law? The answer is a resounding "Yes." The arguments presented below demonstrate that the Secretary's decision was arbitrary, capricious, not supported by substantial evidence, and contrary to law. Therefore, this Court should grant Plaintiff's cross-motion for summary judgment and deny Defendant's motion to dismiss and for summary judgment.

## FACTUAL BACKGROUND

A Board of Inquiry (BOI) hearing was held June 1, 2000, to determine if Plaintiff should be retained in the Navy. AR 246. At the hearing, four witnesses testified regarding Plaintiff's outstanding duty performance and the Navy's need to retain him, including: the Deputy of REDCOM SIX (CAPT Anthony Giles), two supervisors with the Navy's International Programs Office (Robert Schissell and CAPT Donald Aiken), and the Operations Officer for Naval District Washington (Russell Duke). AR 250, 252, 254, 259-60, 265-69, 271-73. At the BOI hearing, Plaintiff submitted a letter from the Commander of Navy Personnel Command S.E. Benson, who wrote regarding Plaintiff's outstanding career and the fact that the Navy needed him to remain on active duty. AR 281. After the hearing, the BOI recommended that Plaintiff be separated from the Navy with a general discharge. AR 277-78.

On August 7, 2000, Admiral Weaver, Commandant, Naval District Washington, disagreed

with the recommendation of the BOI regarding Plaintiff's separation from active duty; having sat

in judgment of Plaintiff for the prior Article 15 nonjudicial punishment proceedings relating to the

same misconduct, Admiral Weaver was fully aware of the facts and circumstances that were

presented to the BOI, yet he stated:

> I offer my strongest possible recommendation for his retention on active duty.
> LCDR Fuller has been fully disciplined for his misconduct.  However, his past
> performance and future potential to the Navy warrant his continuation on active duty.
> I have personally observed LCDR Fuller's exceptional efforts since his
> assignment to Naval District Washington in July 1999.  I concur with the comments
> submitted to the Board of Inquiry by the Deputy Commandant of Naval District
> Washington  (CAPT Cummings) regarding LCDR Fuller's contributions to this
> command.
> LCDR Fuller is an asset to the Naval District Washington and to the Navy.
> Without reservation, I would welcome his permanent assignment to NDW.

AR 244.  Despite Admiral Weaver's recommendation, the Secretary of the Navy ("Secretary")

ordered that Plaintiff be separated with a general discharge, which was made effective December

31, 2000.  AR 92, 123.

On December 1, 2003, Plaintiff submitted an application for the correction of records to the

BCNR.  AR 17, 282-83.  A three-member panel of the BCNR, sitting in executive session,

considered Plaintiff's application and unanimously recommended on December 7, 2005, that his

records be corrected.  AR 3-10, 13.

The Assistant Secretary of the Navy (Manpower and Reserve Affairs) ("Assistant

Secretary")  was acting in this matter as the designated representative of the Secretary.  AR 3, 11.

Although the Administrative Record on this issue is unclear, the Assistant Secretary apparently acted

in this matter through the Assistant General Counsel (Manpower and Reserve Affairs) ("Assistant

General Counsel").  AR 3, 11, 12.

The Secretary's final written decision ("Secretary's Decision") in this case is a memorandum to the Chairman of the BCNR dated December 16, 2005, apparently prepared by the Assistant General Counsel but signed by the Assistant Secretary, which rejected the BCNR's unanimous recommended action and denied all relief to Plaintiff. AR 3, 11, 12. The Secretary's Decision states:

> I have reviewed and carefully considered former LCDR Fuller's petition and do not concur with the recommendation provided by the Board. For the reasons outlined below, the recommendation is disapproved and relief is denied.
>
> The underlying basis for Petitioner's non-judicial punishment clearly established a pattern of misconduct over a substantial period of time. By committing multiple acts of adultery, the Petitioner displayed a complete disregard for the standards of behavior we expect of an officer. Both the Board of Inquiry and my predecessor concluded that an otherwise exemplary record does not mitigate such egregious behavior. I agree. To now re-write the record and allow the Petitioner to retire from the Navy cannot be justified on the facts provided.
>
> Based on the above, the Board's recommendation that Petitioner's record be changed to show that he was not discharged but continued to serve until eligible for retirement is disapproved and relief is denied.

AR 11. Plaintiff was advised of the Secretary's Decision on December 22, 2005. AR 3, 11.

## STANDARDS OF REVIEW

**I.    Federal Rule of Civil Procedure Rule 56(c).**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), quoting Fed. R. Civ. P. 56(c). "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof

concerning a central element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the moving party has met this burden, the non-moving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), quoting Fed. R. Civ. Proc. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (citation omitted).

## II.    APA Standard of Review.

The Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*., authorizes this Court to review decisions of the Secretary of the Navy. Such decisions "are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983). The APA standard of review mandates "that an agency take whatever steps it needs to provide an explanation that will enable the court to evaluate the agency's rationale at the time of decision." *Pension Ben. Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990). In reviewing an agency decision, "the court conducting the review must have sufficient information to determine that the [Secretary's] decisions were proper." *Smith v. Dalton*, 927 F. Supp. 1, 5 (D.D.C. 1996). "Therefore, although the agency need not provide an 'extensive

exegesis' of the rationale underlying its decisions, it must sufficiently discuss its reasoning so as to allow a court to review its decisions." *Id*. (citations omitted.).

"A court cannot give as much deference to the [Secretary's] determination when an agency does not specify the factual or legal grounds for its decision." *Id*. (citations omitted). "Finally, in reviewing an administrative body's decision, the court must examine whether or not the agency has considered all of the evidence before it, and if so, if it has stated why evidence contrary to the final decision was 'disregarded or given less weight.'" *Id*. (citation omitted). "A reviewing court 'may not supply a reasoned basis for the agency's decision that the agency itself has not given.'" *Dickson v. Secretary of Defense*, 68 F.3d 1396, 1406 (D.C. Cir. 1995) (quoting *Motor Vehicle Mfrs Ass'n v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983)).

## **ARGUMENT**

This Court must enter summary judgment against any party that fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 327. As is detailed below, Defendant has failed to make such a showing. Because the Secretary's Decision concerning Plaintiff violates 5 U.S.C. § 706(2) of the APA, this Court should set aside that decision and grant summary judgment in favor of Plaintiff.

**I.    The Secretary's Decision Should Be Set Aside because It Violates Navy Regulations.**

Plaintiff was involuntarily separated from the Navy with a general discharge, despite recommendations to the contrary by senior officers including Admiral Weaver. AR 244. After his discharge, Plaintiff applied to the BCNR requesting that his records be corrected. AR 123, 283. In support of his request, Plaintiff filed a lengthy legal memorandum which included 22 single spaced pages of text, accompanied by 50 different supporting attachments. AR 94-283. The

6

memorandum included a summary of Plaintiff's long and illustrious naval career, an overview of

the events and subsequent Article 15 and Board of Inquiry proceedings that led to his discharge, and

numerous specific legal arguments.  AR 94-117.  The BCNR issued a seven page, single spaced,

unanimous decision recommending that Plaintiff be granted relief.  AR 4-10.  However, the

Secretary's Decision, an eight sentence memorandum prepared by the Assistant General Counsel

rejected the BCNR's unanimous recommendation and denied Plaintiff any relief.  AR 3, 11, 12.

   This Court is bound to analyze the this case according to the applicable statutory and

regulatory law.  The governing statute is 10 U.S.C. § 1552, which  provides for the correction of

errors in the record of a member of the military.  The statute states that, upon timely application and

consideration:

> The Secretary of a military department may correct any military record . . . when the Secretary considers it necessary to correct an error or remove an injustice.  Except as provided in paragraph (2), such corrections shall be made by the Secretary acting through boards of civilians of the executive part of the military department.

10 U.S.C. § 1552(a)(1).  Specific regulations have been adopted by the Secretary of the Navy in

order to implement this congressional mandate.  These governing regulations include 32 C.F.R.

§ 723.7(a), which provides in pertinent part:

> If the Secretary's decision is to deny relief, such decision shall be in writing and, unless her or she expressly adopts in whole or in part the findings, conclusions and recommendations of the Board, or a minority report, **shall include a brief statement of the grounds for denial.  *See* § 723.3(e)(4).**

*Id*. (emphasis added).

   Thus in a case like this, where the Secretary does not expressly adopt the findings,

conclusions, and recommendations of the BCNR, and also where a minority report does not exist

due to the BCNR's unanimity, the Secretary "shall include a brief statement of the grounds for

denial. *See* § 723.3(e)(4)." That specific reference to § 723.3(e)(4) in turn defines the mandatory

contents and parameters of that requisite brief statement that must be included:

> **The brief statement of the grounds for denial shall include the reasons** for the
> determination that relief should not be granted, **including the applicant's claims**
> of constitutional, statutory and/or regulatory violations that were rejected, **together**
> **with all the essential facts** upon which the denial is based, **including**, if
> applicable, **factors required by regulation to be considered for determination**
> **of the character of and reason for discharge**.

32 C.F.R. § 723.3(e)(4) (emphasis added).

Just as in a case where the BCNR recommends denial and its decision "shall include a brief

statement of the grounds for denial" with all of the requisite items included as are laid out in 32

C.F.R. § 723.3(e)(4), likewise the Secretary's Decision here must include that very same type of

statement with those same requisite items. 32 C.F.R. § 723.7(a). Yet the Secretary's Decision

here fails to do so.

First, the Secretary's Decision fails to address Plaintiff's claims of constitutional, statutory,

and/or regulatory violations, in direct violation of 32 C.F.R. §§ 723.7(a) and 723.4(e)(4). AR 37-

39, 115-17. There is no discussion of Plaintiff's argument that his discharge was overly severe.

AR 11. There is no discussion of Plaintiff's argument that he had previously been fully

disciplined for his misconduct. AR 11. There is no discussion of Plaintiff's argument that

nonjudicial punishment was designed to rehabilitate and discipline military members and should

not be used to end their careers. AR 11. There is no discussion of Plaintiff's argument that the

government improperly overstated his misconduct when it drafted the nonjudicial punishment

charges. AR 11. There is no discussion of Plaintiff's argument that charging him under two

separate punitive articles for the exact same conduct violates military law under *United States v.*

*Frelix-Vann*, 55 M.J. 329 (C.A.A.F. 2001). AR 11. There is no discussion of Plaintiff's argument

8

that charging him with both conduct unbecoming an officer and adultery for each of his relationships with the two women exaggerated his culpability both in the Article 15 proceedings and in the BOI proceedings. AR 11. There is no discussion of Plaintiff's argument that recent changes to the adultery article in the UCMJ should be considered in that to constitute an offense under the UCMJ, adulterous conduct must either be directly prejudicial to good order and discipline or service discrediting, and that commanders should consider all relevant circumstances including such factors as whether the conduct persisted despite counseling or orders to desist and whether the accused or co-actor was legally separated. AR 11. There is no discussion of Plaintiff's argument that the combination of the nonjudicial punishment and counseling had fully rehabilitated Plaintiff. AR 11.

Further, although Plaintiff's application to the BCNR specifically addressed his involuntary separation and the characterization of his discharge as less than honorable, the Secretary's Decision fails to include "factors required by regulation to be considered for determination of the character and reason for discharge," in clear violation of 32 C.F.R. §§ 723.7(a) and 723.4(e)(4). AR 11.

Although the Secretary is not obligated to adopt regulations, the Secretary is required by law to follow regulations that have been adopted. *Service v. Dulles* 354 U.S. 363, 388 (1957); *Ortiz v. Secretary of Defense*, 41 F.3d 738, 741 (D.C. Cir. 1994) (the "Army, of course, is bound to follow its own regulations"); *Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997). In the case at bar, the governing regulations clearly mandate that the Secretary was required to issue a written decision that included specific requisite items and factors in order to reject the BCNR's unanimous findings and recommendations. The Secretary's Decision here fails on its face to comply with those regulations. 32 C.F.R. §§ 723.7(a), 723.4(e)(4); AR 11. Such failure to comply is arbitrary

9

and capricious, and the Secretary's Decision must therefore be set aside. *Ingram Barge Co. v. United States*, 884 F.2d 1400, 1405 (D.C.Cir. 1989). Therefore, this Court should deny Defendant's Motion and should grant summary judgment for Plaintiff.

II.    **The Secretary's Decision Should Be Set Aside because It Fails to Address Plaintiff's Arguments that Were Not Facially Frivolous.**

Defendant repeatedly asserts that the Secretary's Decision should be upheld by this Court because the Secretary "reviewed and carefully considered" Plaintiff's BCNR petition. AR 11, quoted in Def. Memo at 1, 4, 6, 10, 12, 15. However, "a mere recitation" in the Secretary's Decision that the Secretary "reviewed and carefully considered" the matter "does not suffice as an analysis." *Environmental Defense Fund, Inc. v. EPA*, 465 F.2d 528, 539 (D.C. Cir. 1972). As this Court has held, "'A naked conclusion and mere recitation that the opinion is based upon all of the evidence without an analysis of the evidence in writing (as here), is inimical to a rational system of administrative determination and ultimately inadequate'" to allow proper judicial review of the Secretary's decision. *Smith*, 927 F.Supp. at 8 (citations omitted). Instead, the Secretary's Decision must be sufficient in its reasoning so that "the agency's path may be reasonably discerned" by this Court. *Dickson*, 68 F.3d at 1404. The Secretary's Decision here does not meet that standard.

First, as discussed above, the Secretary's Decision in this case is legally insufficient because it does not contain the requisite "brief statement" as defined by regulation. 32 C.F.R. § 723.7(a); 32 C.F.R. § 723.4(e)(4). Even in the absence of such regulatory requirement, however, the Secretary's Decision is legally deficient under the APA. The Secretary's Decision fails to address Plaintiff's claims of constitutional, statutory, and/or regulatory violations. AR 37-39, 115-17. There is no discussion of Plaintiff's arguments that his discharge was overly severe; that he

10

had previously been fully disciplined for his misconduct; that nonjudicial punishment was designed to rehabilitate and discipline military members and should not be used to end their careers; that the government improperly overstated his misconduct when it drafted the nonjudicial punishment charges; that charging him under two separate punitive articles for the exact same conduct violates military law under *United States v. Frelix-Vann*, 55 M.J. 329 (C.A.A.F. 2001); that charging him with both conduct unbecoming an officer and adultery for each of his relationships with the two women exaggerated his culpability both in the Article 15 proceedings and in the BOI proceedings; that recent changes to the adultery article in the UCMJ should be considered in that to constitute an offense under the UCMJ, adulterous conduct must either be directly prejudicial to good order and discipline or service discrediting, and that commanders should consider all relevant circumstances including such factors as whether the conduct persisted despite counseling or orders to desist and whether the accused or co-actor was legally separated; that the combination of the nonjudicial punishment and counseling had fully rehabilitated Plaintiff. AR 11.  There is supporting evidence throughout the Administrative Record to establish that these claims made by Plaintiff in his application to the BCNR were not facially frivolous, yet the Secretary failed to address them.

Defendant argues that the Secretary's Decision is sufficient because it "**implicitly** addresses Plaintiff's main arguments" and "rejects (by clear **implication**) Plaintiff's remaining contentions." Def. Memo at 12, 13 (emphasis added).  But such an implicit or implied approach does not satisfy the APA; the APA instead requires an **express** approach.  *Calloway*, 366 F. Supp. 2d at 55.  The District of Columbia Circuit has concluded that a failure "to respond to arguments raised by a plaintiff, which do not appear frivolous on their face and could affect the [Secretary's] ultimate disposition, is arbitrary."  *Calloway*, 366 F. Supp. 2d at 55 (citing *Frizelle*,

11

111 F.3d at 177, and *Mudd v. Caldera*, 26 F.Supp.2d 113, 123 (D.D.C. 1998)). As this Court as

held, a secretary's decision is "arbitrary and capricious" if it fails "to address a seemingly

meritorious argument." *Mudd*, 26 F.Supp.2d at 120-21. In fact, if the Secretary decides to

disregard such an argument, then it must be expressly indicated:

> If the agency decides to disregard this argument, then it must **expressly** indicate
> that it has done so. Otherwise neither [Plaintiff] nor this court would be able to
> discern whether the [Secretary] considered and was unpersuaded by those factors
> or whether the [Secretary] simply excluded them from its decision making process.
> Moreover, if the [Plaintiff] excludes those factors from consideration it must
> explain its rationale for doing so.

*Calloway*, 366 F. Supp. 2d at 55 (emphasis added). Here, the Secretary's Decision did not address

numerous arguments in Plaintiff's BCNR petition "which do not appear frivolous on their face and

could affect" the Secretary's "ultimate disposition." *Frizelle*, 111 F.3d at 177. Therefore, the

Secretary's Decision was arbitrary and capricious and should be set aside because it violates the

APA. *Id. See also Calloway*, 366 F. Supp. 2d at 55; *Dickson*, 68 F.3d at 1405.

Had this eight sentence decision been issued in this case by the BCNR instead of the

Secretary, it would most certainly not survive judicial review. Such a summary decision, utterly

lacking in requisite discussion and analysis of Plaintiff's facially meritorious arguments, fails to

satisfy both the APA and governing regulations. This is true, whether the decision was issued by

the BCNR or by the Secretary. Because the Secretary's Decision is arbitrary, capricious, and

contrary to law, Defendant's motion should thus be denied and Plaintiff's granted.

**III.    The Secretary's Decision Should Be Set Aside because It Is Impossible to Discern
from the Administrative Record the Identity of the Decision Maker or Whether the
Decision Maker Possessed Requisite Legal Authority.**

Defendant relies on dicta in *Environmental Defense Fund, Inc.*, 465 F.2d at 537, to argue

that the rationale supporting the Secretary's denial can also properly be discerned by reference to

the Administrative Record.  Def. Memo at 11.  Yet, as the D.C. Circuit found in *Environmental Defense Fund, Inc.*, this is not an "appropriate" case to discern the Secretary's rationale from sources other than the Secretary's Decision itself.  *See Environmental Defense Fund, Inc.*, 465 F.2d at 537.  The case at bar is not "appropriate" for such treatment by the Court, in part because the Administrative Record is unclear on its face as to who actually made the decision to overturn the BCNR's unanimous findings and recommendation.  Further, there is specific evidence in the Administrative Record that the individual who made the decision lacked the legal authority to do so.

The Secretary has the authority to take final action on a petition for correction of a military record.  10 U.S.C. § 1552(a)(1); 32 C.F.R. § 723.7(a).  The Assistant Secretary was acting in this matter as the designated representative of the Secretary.  AR 3, 11.  The Assistant Secretary's authority is derived from regulation.  32 C.F.R. § 700.324(b).  However, the Administrative Record is unclear and contradictory as to whether the Assistant Secretary was actually the official who decided this case.

The Secretary's Decision is printed on the letterhead of the Assistant Secretary, and contains the signature of the Assistant Secretary.  AR 11.  Such evidence would support Defendant's factual assertion that it was in fact the Assistant Secretary who made the Secretary's Decision: "The Secretary, through the Assistant Secretary of the Navy for Manpower and Reserve Affairs, reviewed and carefully considered the petition."  Def. Memo at 6.  However, the Administrative Record also contains evidence that the Assistant Secretary delegated this decision to the Assistant General Counsel.  AR 12.  Moreover, there is evidence that it was the Assistant General Counsel, rather than the Assistant Secretary, who actually made the decision: "**the designated representative of the Assistant Secretary** of the Navy for Manpower and Reserve

13

Affairs conducted an independent review of the Board's proceedings and, by his memorandum of 16 December 2005, disapproved the panel's recommended action." AR 3. Such lack of clarity in the record makes it exceedingly difficult for this Court to discern the path of the agency, as is required under the APA. *Dickson*, 68 F.3d at 1404.

If the Assistant General Counsel in fact did make the Secretary's Decision in this case, then the Secretary's Decision should be considered void because the Assistant General Counsel lacked the requisite legal authority to make such a decision. The Assistant General Counsel's authority is derived from a memorandum issued on July 25, 2000, by the Assistant Secretary to the Assistant General Counsel, which states:

> Subj:   DELEGATION OF AUTHORITY
>
> I hereby delegate authority to you, as Assistant General Counsel (Manpower and Reserve Affairs), to take final action in matters arising under the Correction Board Statute, 10 U.S.C. §1552. **Notwithstanding this delegation of authority, please refer to me BCNR cases in the following areas:** Flag or General officer cases; any case involving Congressional interest (other than routine constituent service inquiries); **cases where a senior officer has expressed support for the Petitioner**; cases where an Assistant Secretary of the Navy or higher official, including myself or my predecessor(s), has made a decision; and, any other personnel action taken "for the President."

AR 12 (emphasis added). Thus the authority delegated by the Assistant Secretary to the Assistant General Counsel was specifically defined and limited. The Assistant General Counsel never possessed the legal authority to take final action in "cases where a senior officer has expressed support for the Petitioner." AR 12.

The case at bar contains numerous examples of senior officers, including but not limited to the Commander of Navy Personnel Command S.E. Benson, who expressed support for Plaintiff and advocated his retention on active duty. AR 250, 252, 254, 259-60, 265-69, 271-73, 281. It is hard to imagine a case that could involve a more obvious example of "a senior officer" who "has

14

expressed support for the Petitioner," given the August 7, 2000, memorandum by Admiral

Weaver, Commandant, Naval District Washington:

> I offer my strongest possible recommendation for his retention on active
> duty.  LCDR Fuller has been fully disciplined for his misconduct.  However, his
> past performance and future potential to the Navy warrant his continuation on
> active duty.

AR 244.

Therefore, because this was one of those "cases where a senior officer has expressed

support for the Petitioner," the Assistant General Counsel had no authority to decide the case and

was required to return it to the Assistant Secretary.  AR 12.  Yet the Administrative Record reveals

no indication that the case was ever returned to the Assistant Secretary as required.  To the

contrary, the Administrative Record states that the Assistant General Counsel, as the "designated

representative of the Assistant Secretary," "conducted an independent review" of the BCNR's

proceedings and then "disapproved the panel's recommended action."  AR 3.

Hence, according to the Administrative Record, the Secretary's Decision here was not

made by the Secretary or by the Assistant Secretary but instead by a minor official who lacked the

legal authority to even make such a decision.  AR 3, 12.  Consequently, this Court should find that

the Secretary's Decision is contrary to law, if not void.  In the alternative, this Court should

remand this case to the Secretary, on the basis that the Secretary's action violates the APA because

the path of the agency is impossible to discern from the conflicting information in the

Administrative Record.  *See Dickson*, 68 F.3d at 1404.

## CONCLUSION

It is axiomatic that an agency is bound by its regulations, and is not free to disregard them. *Dulles*, 354 U.S. at 388. The Secretary of the Navy, like the military departments and agencies in general, is bound to follow its own regulations. *Id.*; *Ortiz,* 41 F.3d at 741; *Ingram Barge Co.,* 884 F.2d at 1405. Yet here the Secretary failed to do so.

Further, the Secretary is obligated under the APA to respond to arguments raised by Plaintiff which do not appear frivolous on their face, and the failure to do so is arbitrary and capricious. *Frizelle*, 111 F.3d at 177; *Dickson*, 68 F.3d at 1405; *Calloway*, 366 F. Supp. 2d at 55; *Mudd*, 26 F.Supp.2d at 120-21. Yet here the Secretary failed to do so.

Finally, the Secretary must exercise his statutory authority to make the final decision in a BCNR case, or else delegate that authority to a designated representative in a legal manner. Yet here the Secretary failed to do so.

Although the decision of the BCNR is in the form of a recommendation to the Secretary, "'he may not arbitrarily overrule the recommendations of the Board where its findings are justified by the record.'" *Mudd*, 26 F.Supp.2d at 121 (citations omitted). The foregoing demonstrates that Plaintiff satisfied his burden of proof before the Secretary in demonstrating the existence of error and injustice warranting the correction of his records. The Secretary's Decision overruling the unanimous recommendations of the BCNR was arbitrary, capricious, not supported by substantial evidence, and contrary to law. This Court should therefore deny Defendant's motion for summary judgment and grant Plaintiff's cross-motion for summary judgment.

16

Respectfully submitted,

/s/

David P. Sheldon (446039)
LAW OFFICES OF DAVID P. SHELDON, PLLC
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575

Attorney for Plaintiff

October 4, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND T. FULLER, JR., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 06-2147 (JDB) |
| | ) |
| DONALD C. WINTER, | ) |
| Secretary of the Navy, | ) |
| | ) |
| *Defendant*. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT
OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Plaintiff respectfully submits this response to Defendant's statement of material facts which are not in genuine dispute.

1. Agree.

2. Agree.

3. Disagree.  Agree that in late December 1998, Plaintiff met the woman, and agree that he signed the November 30, 1999 statement.  However, disagree that he knew in December 1998 that she was married, or that she was married to an active duty Lieutenant Colonel in the United States Army Guard/Reserve.  In January 1999, Plaintiff learned that she had two children and was legally separated from her husband; they had ceased living together as husband and wife on January 1, 1999.  Complaint ¶ 22; AR 46, 199, 201-04, 214.  On September 1, 1998, Plaintiff had separated from his wife, signing a formal separation agreement on September 29, 1998.  Complaint ¶ 21; AR 46, 187-98, 214.  In late January 1999, while discussing their divorces, Plaintiff learned was a Lieutenant Colonel ("LTC") Army Guard/Reservist; Plaintiff did not consider his friendship with the woman to be violative of the UCMJ because her husband was a

weekend warrior and he did not see their friendship as impacting on good order and discipline. Complaint ¶ 23; AR 46, 201-02, 214. In early March 1999, the woman told Plaintiff that she was separated according to Virginia law, that she and her husband lived in the same house but in separate bedrooms, and that it was going to be an amicable divorce. Complaint ¶ 24; AR 46, 201-04, 214. Plaintiff eventually found out that the woman's estranged husband was an active guardsman; although involved with the woman in an intimate relationship by then, Plaintiff still did not consider his conduct to be a violation of the UCMJ because he did not believe their relationship was impacting on good order and discipline and because both parties were legally separated. Complaint ¶ 25; AR 46, 187-98, 201-04, 214. On May 15, 1999, the woman and her children moved out of the house when she realized that her estranged husband had been stalking and spying on her. Contrary to what she had told Plaintiff, her divorce was not remaining amicable; her estranged husband engaged in two extramarital affairs during their 11-year marriage, prior to their legal separation. Complaint ¶ 26; AR 201-04, 214. The woman's estranged husband went to the Naval Inspector General in March 1999, in an effort to have charges brought against Plaintiff, which ultimately led to an Inspector General Investigation into Plaintiff's personal life. Complaint ¶ 27; AR 201-02.

4. Agree.

5. Agree.

6. Agree.

7. Agree. However, the BOI found no "repeated" misconduct and also found that Plaintiff had not "committed substandard performance of duty due to his failure to demonstrate acceptable qualities of leadership required of an officer in his grade." AR 60-61. Also, despite agreeing with

some of the facts asserted by Defendant, Plaintiff does not agree with all of the page and paragraph references cited by Defendant in support of such facts.

8.    Agree, except that the Secretary should have considered the record and prior recommendations more carefully, including but not limited to the recommendation of August 7, 2000, by Admiral Weaver, Commandant, Naval District Washington in which he disagreed with the recommendation of the BOI regarding Plaintiff's separation from active duty.  Having sat in judgment of Plaintiff for the nonjudicial punishment, Admiral Weaver was fully aware of the facts and circumstances that were presented to the BOI when he stated:

> . . . I do not concur with the recommendation that he be separated from naval service.  I offer my strongest possible recommendation for his retention on active duty.  LCDR Fuller has been fully disciplined for his misconduct.  However, his past performance and future potential to the Navy warrant his continuation on active duty.
> I have personally observed LCDR Fuller's exceptional efforts since his assignment to Naval District Washington in July 1999.  I concur with the comments submitted to the Board of Inquiry by the Deputy Commandant of Naval District Washington  (CAPT Cummings) regarding LCDR Fuller's contributions to this command.
> LCDR Fuller is an asset to the Naval District Washington and to the Navy.  Without reservation, I would welcome his permanent assignment to NDW.

AR 64.  Further, it is unclear from the Administrative Record whether the Assistant Secretary or the Assistant General Counsel made the Secretary's Decision, and whether the Assistant General Counsel possessed the legal authority to make such a decision.  AR 3, 11, 12.  Also, despite agreeing with some of the facts asserted by Defendant, Plaintiff does not agree with all of the page and paragraph references cited by Defendant in support of such facts.

9.  Agree.  However, Plaintiff also argued in his BCNR application that he had previously been fully disciplined for his misconduct by receiving nonjudicial punishment, a punitive letter of reprimand, losing his pending promotion to Commander, and losing the potential to ever reach

a higher rank; that nonjudicial punishment was designed to rehabilitate and discipline military members and should not be used to end their careers; that charging him under two separate punitive articles for the exact same conduct violates military law under *United States v. Frelix-Vann*, 55 M.J. 329 (C.A.A.F. 2001); and that recent changes to the adultery article in the UCMJ should be considered in that to constitute an offense under the UCMJ, adulterous conduct must either be directly prejudicial to good order and discipline or service discrediting, and that commanders should consider all relevant circumstances including such factors as whether the conduct persisted despite counseling or orders to desist and whether the accused or co-actor was legally separated.  Complaint ¶¶ 42, 43; AR 115-17.

10.  Agree.  However, Plaintiff does not agree with all of the page and paragraph references cited by Defendant in support of such facts.

11.  Agree.  However, it is unclear from the Administrative Record whether the Assistant Secretary or the Assistant General Counsel made the Secretary's Decision, and whether the Assistant General Counsel possessed the legal authority to make such a decision.  AR 3, 11, 12. Further, with regard to the second sentence, agree only to the extent that the Secretary's final decision stated that he had reviewed and carefully considered Plaintiff's petition.  AR 11.  Also, despite agreeing with some of the facts asserted by Defendant, Plaintiff does not agree with all of the page and paragraph references cited by Defendant in support of such facts.

12.  Agree.  However, it is unclear from the Administrative Record whether the December 16, 2005 memorandum was prepared by the Assistant Secretary or the Assistant General Counsel, and whether the Assistant General Counsel possessed the legal authority to make such a decision. AR 3, 11, 12.

13.  Agree.

4

Respectfully submitted,

/s

David P. Sheldon (446039)
LAW OFFICES OF DAVID P. SHELDON
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575

Attorney for Plaintiff

October 4, 2007

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RAYMOND T. FULLER, JR., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 06-2147 (JDB) |
| | ) |
| DONALD C. WINTER, | ) |
| Secretary of the Navy, | ) |
| | ) |
| *Defendant.* | ) |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to L.Cv.R. 7(h) and 56.1, Plaintiff respectfully submits this statement of material facts not in genuine dispute in support of his motion for summary judgment.

1.    A Board of Inquiry (BOI) hearing was held June 1, 2000, to determine if Plaintiff should be retained in the Navy. AR 246. At the hearing, four witnesses testified regarding Plaintiff's outstanding duty performance and the Navy's need to retain him, including: the Deputy of REDCOM SIX (CAPT Anthony Giles), two supervisors with the Navy's International Programs Office (Robert Schissell and CAPT Donald Aiken), and the Operations Officer for Naval District Washington (Russell Duke). AR 250, 252, 254, 259-60, 265-69, 271-73.

2.    At the BOI hearing, Plaintiff submitted a letter from the Commander of Navy Personnel Command S.E. Benson, who wrote regarding Plaintiff's outstanding career and the fact that the Navy needed him to remain on active duty. AR 281.

3.    After the hearing, the BOI recommended that Plaintiff be separated from the Navy with a general discharge. AR 277-78.

4.      On August 7, 2000, Admiral Weaver, Commandant, Naval District Washington, disagreed with the recommendation of the BOI regarding Plaintiff's separation from active duty; having sat in judgment of Plaintiff for the prior Article 15 nonjudicial punishment proceedings relating to the same misconduct, Admiral Weaver was fully aware of the facts and circumstances that were presented to the BOI, yet he stated:

> I offer my strongest possible recommendation for his retention on active duty. LCDR Fuller has been fully disciplined for his misconduct. However, his past performance and future potential to the Navy warrant his continuation on active duty.
>
> I have personally observed LCDR Fuller's exceptional efforts since his assignment to Naval District Washington in July 1999. I concur with the comments submitted to the Board of Inquiry by the Deputy Commandant of Naval District Washington (CAPT Cummings) regarding LCDR Fuller's contributions to this command.
>
> LCDR Fuller is an asset to the Naval District Washington and to the Navy. Without reservation, I would welcome his permanent assignment to NDW.

AR 244.

5.      Despite Admiral Weaver's recommendation, the Secretary of the Navy ("Secretary") ordered that Plaintiff be separated with a general discharge, which was made effective December 31, 2000. AR 92, 123.

6.      On December 1, 2003, Plaintiff submitted an application for the correction of records to the BCNR. AR 17, 282-83.

7.      A three-member panel of the BCNR, sitting in executive session, considered Plaintiff's application and unanimously recommended on December 7, 2005, that his records be corrected. AR 3-10, 13.

8.      The Assistant Secretary of the Navy (Manpower and Reserve Affairs) ("Assistant Secretary") was acting in this matter as the designated representative of the Secretary. AR 3, 11.

2

9.      Although the Administrative Record on this issue is unclear, the Assistant Secretary apparently acted in this matter through the Assistant General Counsel (Manpower and Reserve Affairs) ("Assistant General Counsel").  AR 3, 11, 12.

10.      The Secretary's final written decision ("Secretary's Decision") in this case is a memorandum to the Chairman of the BCNR dated December 16, 2005, apparently prepared by the Assistant General Counsel but signed by the Assistant Secretary, which rejected the BCNR's unanimous recommended action and denied all relief to Plaintiff.  AR 3, 11, 12.

11.      Plaintiff was advised of the Secretary's Decision on December 22, 2005.  AR 3, 11.

Respectfully submitted,

/s

David P. Sheldon (446039)
LAW OFFICES OF DAVID P. SHELDON
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575
Attorney for Plaintiff

October 4, 2007

3