UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND T. FULLER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-2147 (JDB) |
| ) | |
| DONALD C. WINTER, Secretary of the Navy, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY AND OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**I.   Introduction**

Because plaintiff, a former Lieutenant Commander, is unable to show that his removal from the Navy based on a pattern of misconduct and adultery amounted to an injustice or was based on a material legal error, his cross-motion for summary judgment should be denied, and defendant's motion should be granted. Despite the aspersions plaintiff attempts to cast on the brevity of the Secretary's decision[1] denying his application to the Board of Correction for Naval Records ("BCNR"), the inescapable record confirms that the Secretary's designee reviewed and carefully considered Plaintiff's petition and the entire, well-developed record of underlying material, the substance of which plaintiff never contested, and simply concluded that plaintiff's personal misconduct warranted his dismissal notwithstanding plaintiff's otherwise stellar career

---

[1] Throughout his motion and reply, Defendant refers to the Secretary's decision, however the final agency action under review is the decision of the designated representative of the Secretary, in this case the Assistant Secretary of the Navy for Manpower and Reserve Affairs reversing the BCNR's decision. See Piersall v. Winter, 435 F.3d 319 (D.C. Cir. 2006); 32 C.F.R. § 700.324(b) and § 723.7(a).

as an officer.  Because the Secretary is entitled to strike the balance between personal misconduct and professional merit based on the circumstances presented, neither the BCNR's contrary recommendation nor plaintiff's dislike of tipping the balance in favor of his discharge is enough for this Court to set the decision aside.

This case presents a classic test of the deference owed by the judiciary to military personnel matters.  Notably, plaintiff's discussion of the standard of review in this matter focuses on the notion that the grounds for the Secretary's decision are so unclear that deference is inappropriate.  See *Pl.'s Motion, at 5-6.*  In fact, because the record includes a substantial amount of uncontroverted factual material and detailed analysis of plaintiff's misconduct, the facts and policy arguments plaintiff voices in favor or mitigation are uncomplicated.  Discerning the reasons for the decision is equally simple.  In addition to an adulterous affair with the wife of a high-ranking Army officer which he failed to end after being ordered to do so, the plaintiff engaged in an inappropriate and adulterous relationship with a teeenage Australian girl (and suspected prostitute), transmitted an indecent photograph using a government computer, and solicited a female undercover police officer for sex in exchange for money.  AR 05-06, 209.  The challenged decision denying plaintiff's petition for reinstatement into the Navy until his retirement boils down to weighing this pattern of seedy personal behavior against the standards required of all officers in the Navy.  The Secretary's decision describes this as "clearly establish[ing] a pattern of misconduct over a substantial period of time."  See AR 11.  To reverse the Secretary's decision, however, would be tantamount to this Court improperly substituting its views of plaintiff's misconduct for the Secretary's.  The law does not permit that result.  Mueller v. Winter, 485 F.3d 1191, 1198-99 (D.C. Cir. 2007) (reviewing the "unusually deferential"

review under the APA of military personnel decisions); <u>Dickson v. Secretary of Defense</u>, 68 F.3d 1396 (D.C. Cir. 1995); <u>Cone v. Caldera</u>, 223 F.3d 789, 793 (D.C. Cir. 2000); <u>Kreis v. Secretary of the Air Force</u>, 866 F.2d 1508, 1514-15 (D.C. Cir. 1989).

**II.     The Proper Official Provided a Brief And More Than Sufficient Rationale for Denying Plaintiff's Petition for Correction of His Military Records**

**A.     The Assistant Secretary of the Navy for Manpower and Reserve Affairs**

As an initial matter, plaintiff's argument that the record is ambiguous as far as the authority of the deciding official to render the decision may be quickly dispensed with. Plaintiff's argument concerning supposed doubt about "who actually made the decision to overturn the BCNR's unanimous findings and recommendation" (Pl.'s Motion at 12-13) is dispelled by the record.

Plaintiff does not contest the notion that the Assistant Secretary of the Navy for Manpower and Reserve Affairs possessed the authority to review and deny plaintiff's petition for correction of his records. <u>See id</u>. at 13; 32 C.F.R. § 700.324(b). But plaintiff seizes upon a reference in the BCNR's transmittal letter to Plaintiff's counsel informing him of the Secretary's decision to deny relief. <u>See</u> AR 3. In that letter, the Executive Director of the BCNR refers to

> the designated representative of the Assistant Secretary of the Navy for Manpower and Reserve Affairs [having] conducted an independent review of the Board's proceedings and, by his memorandum of 16 December 2005, disapproved the panel's recommended action.

<u>See</u> *Plaintiff's Motion* at 12-15; <u>see also</u> AR 3. The transmittal letter is of no legal effect. Plaintiff also points to a delegation of authority from the Assistant Secretary for Manpower and Reserve Affairs to the Assistant General Counsel for Manpower and Reserve Affairs for decisions in BCNR cases (AR 12), but neither the inclusion of that delegation of authority in the

administrative record nor the apparently erroneous reference in the BCNR's letter to plaintiff alters the fact that the administrative record contains a memorandum decision, authored and signed by the Assistant Secretary and directed to the BCNR, explaining the decision to deny Plaintiff relief.  See AR at 11.[2]  Contrary to Plaintiff's assertions, neither the delegation of authority nor the BCNR's letter provides evidence that anyone other than the Assistant Secretary for Manpower and Reserve Affairs authored and signed the decision in this case.[3]  The Secretary may rely on a "presumption of regularity to support the official actions of public officers and, in the absence of substantial evidence to the contrary, will presume that they have properly discharged their official duties."  See 32 C.F.R. § 723.3(e)(2).  Strong policies compel the court to allow the widest possible latitude to the armed services in their administration of personnel matters.  See Orloff v. Willoughby, 345 U.S. 83 (1953).

Therefore, because a proper decisional document exists and was executed by the appropriate official, the reference in the transmittal letter to another official's purported involvement should be disregarded because it falls far short of the sort of "cogent and clearly

---

[2] In any event, the request in the delegation of authority memorandum for the Assistant General Counsel (Manpower and Reserve Affairs) to refer certain matters to the Assistant Secretary is not a limitation on the delegation.  The language constitutes a request and does not limit the delegation of authority in any way; it merely requests that the Assistant Secretary be made aware of particular types of cases.  In other words, the reference in the delegation memo could be for purposes of information or consultation only, and not for purposes of removing the decision from the broad delegation authority in the preceding sentence.  AR 12.

[3] William A. Navas, Jr. signed the December 16, 2005 memorandum of decision in Plaintiff's case.  AR 11.  Mr. Navas became the Assistant Secretary of the Navy for Manpower and Reserve Affairs on July 17, 2001 (see http://www.hq.navy.mil/mra/ASN%20MRA.htm).  The delegation of authority from the then Assistant Secretary of the Navy for Manpower and Reserve Affairs, Carolyn H. Becraft, to the Assistant General Counsel for Manpower and Reserve Affairs for certain cases arising under the Correction Board Statute, 10 U.S.C. §1552 occurred on July 25, 2000.

convincing evidence" suggesting that the Secretary's decision was the result of material error or injustice.  See McDougall v. Widnall, 20 F. Supp.2d 78, 82 (D.D.C. 1998).

>   B.  The Final Decision Adequately Explains the Reasons for Denying Plaintiff's Petition to Set Aside His Discharge

Beyond the authority question, plaintiff's motion argues that the Secretary's decision fails to address a host of constitutional, statutory, and/or regulatory violations, in direct violation of 32 C.F.R. §§ 723.7(a) and 723.4(e)(4).  Pl.'s Motion at 8.[4]  These arguments fail because the Secretary's decision amply satisfies the standards in the regulations and controlling case law interpreting them.  At bottom, this is an unusually straightforward case.  The Secretary determined that plaintiff should be discharged based on his demonstrated and admitted pattern of misconduct and he was unpersuaded that discharge was too severe in light of plaintiff's prior service or otherwise.

Plaintiff's primary attack on the Secretary's decision concerns its relative brevity.[5]  See Pl.'s Motion at 6-7.  The regulations require only a "**brief** statement of the grounds for denial."  32 C.F.R. § 723.7 (emphasis supplied); see also 5 U.S.C. § 555(e).  As long as the agency's path can be discerned, the decision should be upheld.  Bowman Transp., Inc. v. Arkansas-Best Motor Freight Sys., 419 U.S. 281, 286 (1974).  Here, because the Secretary concluded that the facts of the "multiple acts of adultery" and other misconduct are largely uncontested and even admitted by plaintiff, the Secretary's reaction to that behavior as "egregious behavior" even in the midst of

---

[4] References to "*Plaintiff's Motion* at __" are to Plaintiff's Cross-Motion for Summary Judgment filed with this Court October 4, 2007.  See Docket Entry No. 12.

[5] Plaintiff's speculation that an eight sentence decision rendered by the BCNR "would most certainly not survive judicial review" is as gratuitous as it is irrelevant.  See Pl.'s Motion at 12.

"an otherwise exemplary record" requires little explanation. As exemplified in plaintiff's response to Defendant's Statement of Material Facts, the administrative record contains ample material concerning the salacious details of plaintiff's personal misconduct and plaintiff's quarrel with the Secretary's decision depends entirely on the characterization of his actions.

The Secretary's decision – informed by plaintiff's petition, the recommendations of the BCNR, the Board of Inquiry ("BOI") and the Secretary's predecessor, is more than a mere conclusion and should survive judicial review. The Secretary's decision meets the minimal requirement to establish a rational connection between the uncontested facts and the ultimate decision to deny relief.

First, even assuming for purposes of argument that the Secretary's decision is of "less than ideal clarity," it still meets the minimum requirements to establish a "rational connection" between the "facts found and the choice made." See Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43 (1983). The Secretary first states that he "reviewed and carefully considered" Plaintiff's petition. AR 11. He then specifically identifies multiple acts of adultery committed over a substantial period of time as the "facts found." Id. The Secretary then characterizes this misconduct as "egregious behavior" on the way to concluding that Plaintiff displayed a "complete disregard for the standards of behavior we expect of an officer." Id. This is strong language reflecting a reasoned choice and a judgment which logically led to the Secretary denying Plaintiff's petition. The Secretary's reasoning clearly establishes a rational connection between what it describes as Plaintiff's pattern of misconduct and the natural decision to deny relief.

Plaintiff makes much of the concise opinion's failure to address expressly "seemingly meritorious argument[s]" which "could affect [the Secretary's] ultimate disposition." Pl.'s

Motion at 12, citing Mudd v. Caldera, 26 F.Supp.2d 113, 123 (D.D.C. 1998), and Frizelle v. Slater, 111 F.3d 172 (D.C. Cir. 1997). The Court's assessment of the degree of merit in any particular argument and its likelihood to change the Secretary's decision must be undertaken in the deferential review afforded to military personnel matters. Sanders v. United States, 594 F.2d 804, 813 (Ct. Cl. 1979) (noting that courts traditionally give the "widest possible latitude" to the armed services in their administration of personnel matters); see Cone v. Caldera, 223 F.3d 789, 793 (D.C. Cir. 2000) (unlike the typical review under the Administrative Procedure Act, military personnel decisions are entitled to an "unusually deferential standard of review" ) (quoting Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1513-14 (D.C. Cir. 1989)). In short, the Court's task in reviewing military personnel decisions under the APA is to determine whether "the decision making process was deficient, not whether [the] decision was correct." Dickson v. Secretary of Defense, 68 F.3d 1396 (D.C. Cir. 1995) (quoting Kreis, 866 F.2d at 1511). Certainly plaintiff's own evaluation of the merit of particular arguments may differ without requiring a remand to the Secretary.[6]

  Plaintiff essentially argues that, since the BCNR's recommendation to grant his petition was justified by the record, the Secretary's decision to disapprove must be arbitrary. Significantly, simply establishing that the BCNR's recommendations were justified does not establish (or even provide evidence of) an arbitrary decision by the Secretary. To the contrary, this Circuit has recognized that, because the final decision-making authority rests with the Secretary, there is no less deference accorded his decision where he does not follow the BCNR's

---

[6] Cf. Waterhouse v. District of Columbia, 124 F. Supp. 2d 1, 5 (D.D.C. 2000) ("plaintiff's self-serving statements as to her competence or her superior performance do not serve to raise material issues of fact regarding defendant's proffered reasons for plaintiff's termination.").

recommendation.  See Miller v. Lehman, 801 F.2d 492, 497 (D.C. Cir. 1986); Doyle v. England, 193 F.Supp.2d 202, 207 (D.D.C. 2002) (noting that "[section 1552] confers a certain amount of discretion on the Secretary, including the discretion to differ with a board's recommendations where the evidence is susceptible to varying interpretations.").

Despite Plaintiff's lengthy recitation, the arguments he claims were ignored by the Secretary may fairly be grouped into two categories:  (a) those relating to the severity of the "punishment" Plaintiff received for his misconduct[7] and (b) those relating to the form of the charges brought against him.[8]

The issues in group (a), those regarding the severity of his "punishment," are adequately addressed by the Secretary in his written decision.  The Secretary first finds that Plaintiff's behavior constituted a "pattern of misconduct over a substantial period of time."  AR 11.  The Secretary then states that Plaintiff's "multiple acts of adultery" show a "complete disregard for the standards of behavior we expect of an officer."  Id.  The Secretary concludes by agreeing with

---

[7] Under group (a), Plaintiff argues that the Secretary did not address Plaintiff's arguments that his discharge was overly severe; that Plaintiff had been fully disciplined for his misconduct prior to being separated; that non-judicial punishment should be used "to rehabilitate and discipline military members" and not to "end careers;" that Plaintiff had been "fully rehabilitated" by the combination of non-judicial punishment and counseling he received; and that recent changes to the adultery article in the UCMJ (requiring consideration of possible mitigating circumstances ) be considered in Plaintiff's case. *Plaintiff's Motion* at 8-9.  This group would also include the characterization of Plaintiff's discharge as general (under honorable conditions) as opposed to a straight honorable discharge.

[8] Under group (b), Plaintiff argues that the Secretary did not address Plaintiff's arguments that the government improperly overstated his misconduct when it drafted the non-judicial punishment charges; that charging Plaintiff under two separate punitive articles for the same misconduct violated military law as construed by the Court of Appeals for the Armed Forces (C.A.A.F.); and that charging Plaintiff with violations of two separate UCMJ violations for the same misconduct exaggerated his culpability both at the Article 15 proceedings and at the BOI proceedings. *Plaintiff's Motion* at 8-9.

the BOI and his predecessor that Plaintiff's "otherwise exemplary record does not mitigate such egregious behavior." Id.  By expressly referring to his agreement with the BOI's decision, the Secretary follows its findings and conclusions.  See AR 242-78.

This reasoned language clearly evidences the Secretary's weighing of Plaintiff's pattern of misconduct against the disciplinary and administrative actions taken against Plaintiff.  The Secretary's broad discretion to weigh the evidence and arrive at his own conclusion results in a decision that Plaintiff's otherwise exemplary record does not sufficiently mitigate his misconduct such that relief is justified.[9]  See Mudd v. Caldera, 134 F. Supp. 2d 138, 143 (D.D.C. 2001) (citing Mail Order Ass'n of Am. v. United States Postal Serv., 2 F.3d 408, 421 (D.C. Cir. 1993), and emphasizing that the Secretary is "free to draw his own reasonable inferences and conclusions from the evidence before him." ).  On this straightforward question of comparing the proven multiple instances of misconduct against plaintiff's performance and alleged rehabilitation, the Secretary's decision should not be second-guessed by the Court.  Kosnik v. Peters, 31 F. Supp. 2d 151, 158 (D.D.C. 1988).

Plaintiff also erroneously asks the Court to fault the Navy's use of both NJP and administrative separation in Plaintiff's case.  Plaintiff's multiple violations of the UCMJ empowered the Navy by statute and regulation to both administer discipline at NJP and process for administrative separation at a BOI.  See 10 U.S.C. §§1181-1187.  Plaintiff's BOI was an administrative procedure, unlike NJP, convened not for the purpose of disciplining Plaintiff, but

---

[9] See Mudd, 134 F. Supp. 2d at 143 (citing Mail Order Ass'n of America, 2 F.3d at 421) (once the Secretary fairly considers all the evidence in the record, he is "free to draw his own reasonable inferences and conclusions from the evidence before him.").

to determine his potential for continued service in the Navy.[10]   Plaintiff was entitled to, and did, present evidence in mitigation at his BOI.  See AR 250, 252, 254, 259-60, 265-69, 271-73.  This would include evidence that Plaintiff had undergone rehabilitation for his misconduct.  Plaintiff does not challenge the legality of his BOI proceedings, nor does he challenge the former Secretary's authority to institute his separation from the Navy based upon the BOI's recommendation.[11]  Use of information developed in the BOI is also proper.

Any argument that this Court should now set aside Plaintiff's discharge – a discharge that resulted from the former Secretary's explicit authority to administratively separate an officer based on the recommendations of a duly constituted BOI –  strains reason to the breaking point.  Further, by concluding that "[t]he underlying basis for Petitioner's non-judicial punishment clearly established a pattern of misconduct over a substantial period of time," AR 11, the Secretary adequately addresses the issues raised by Plaintiff under group (b), those relating to the form of the charges at both his NJP and BOI.  The Secretary's language rejects Plaintiff's legalistic arguments regarding the form of the charges to conclude that the underlying misdeeds -

---

[10] Officers who do not maintain required standards of performance of professional or personal conduct may be processed for separation for cause *in addition to* facing potential disciplinary action under Article 15. After a full and impartial hearing, a  BOI will make its recommendation regarding separation or retention of the officer to the officer's commanding officer, who, in turn, endorses the recommendation and forwards both recommendations to the separation authority, which, in the case of a commissioned officer is the Secretary.  The Secretary makes the final determination regarding separation or retention, and, if separation is warranted, characterization of service as honorable or less than honorable. See 10 U.S.C. §1181-1187  Separation from service is not authorized as a form of discipline at NJP.  See U.C.M.J. Art. 15, 10 U.S.C. §815(b)(1).

[11] The Secretary of the military department concerned may remove an officer from active duty if the removal of such officer from active duty is recommended by a [BOI] convened under section 1182 of this title.  10 U.S.C. §1184.  In this case, the BOI did recommend plaintiff's removal. See AR 277-78.

standing alone and regardless of legal description or prior punishment - justify a denial of his petition. As the BCNR noted when it rejected Plaintiff's identical argument in his application for correction, but nevertheless recommended in favor of granting in part his petition: "[T]he true nature of Petitioner's misconduct would be clear to any reviewer." AR 09. The true nature of Plaintiff's misconduct was likewise clear to the Secretary. The Secretary also relied in part on Plaintiff's own admissions regarding his misconduct. See AR 50 (Nov. 30, 1999 signed statement from Plaintiff indicating: "I now realize that my behavior, at that time, in violation of the UCMJ, [was] prejudicial to the good order and discipline, and of a nature to bring discredit upon the armed forces."); AR 111-13 (summarizing and explaining the relevant incidents in Plaintiff's personal life without denying any of the salient facts).

Second, the rationale supporting the Secretary's denial of relief can, if necessary, also be discerned by reference to the administrative record. See Miller, 801 F.2d at 497 (quoting Environmental Defense Fund, Inc. v. EPA, 465 F.2d at 537). The administrative record contains a variety of sources - including witness statements, reports of proceedings and Plaintiff's own actual and constructive admissions - detailing repeated misconduct over a prolonged period. See generally AR. It is therefore a "clearly relevant source[]" - other than a formal statement of reasons - from which this Court can discern the Secretary's basis for denying Plaintiff the relief he sought. See id.

Plaintiff's assertion that the Assistant Secretary did not consider and discuss - at least to the satisfaction of Plaintiff - every conceivable legal point raised by Plaintiff cannot result in this Court substituting its judgment in this case, especially since the main issue, that of leniency, is so clearly discretionary. In reviewing agency action under the APA's arbitrary and capricious

standard, a court "will not disturb the decision of an agency that has 'examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made." MD Pharmaceutical, Inc. v. Drug Enforcement Admin., 133 F.3d 8, 16 (D.C. Cir. 1998) (*quoting* Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43).  The requirement that an agency provide a rational explanation for its action "does not mean that an agency's decision must be a model of analytic precision to survive a challenge.  Plaintiff's assertion that the Secretary's use of the phrase "reviewed and carefully considered" somehow transforms the Secretary's entire decision into a "naked conclusion" devoid of analysis ignores the remaining language used by the Secretary in his decision. See *Plaintiff's Motion* at 10.  *If* the Secretary had simply stated that he "reviewed and carefully considered" Plaintiff's BCNR petition and then, without further analysis, denied relief, Plaintiff might have a legitimate argument.  But, as discussed in detail above, that is not the case here.  There are no magic words that are either required or prohibited in the Secretary's analysis, and simply using language that, in another instance, could possibly render the Secretary's decision arbitrary if taken out of context does not make it so in this case.

In particular, plaintiff's arguments concerning the new standard governing adultery in the Uniform Code of Military Justice and the unfairness engendered by the way he was charged at his NJP have little, if anything, to do with his petition.  As for the former, plaintiff's conduct should be judged under the standard applicable at the time of his misconduct in 1998-99, and his petition notes that the change on which he relies happened in 2002.  See AR 37.  Even so, plaintiff's petition concedes that his conduct still violates the modified standard for adultery, AR 38 (describing it as existing at the "mild end of the spectrum for these cases), and the denial of

his petition was based on more than just adultery. As for the multiple charges being in violation of military law, even if true, that would be immaterial to the proceedings before the BCNR because it was resolving plaintiff's petition based on the substantial material in the record supporting the Secretary's conclusions. Technical problems with plaintiff's prior proceedings addressing the charges at a different proceeding would be irrelevant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254-55 (1986) (discussing the materiality standard at summary judgment). As a result, there was no need for the Secretary to address petitioner's arguments in his decision.

      Plaintiff's facts are also distinguishable from the cases he relies upon when arguing that the Secretary's supposed failure to respond to his non-frivolous arguments merits relief. *Plaintiff's Motion* at 10-12. In both Frizelle and Calloway, for example, the court reversed and/or remanded because the Army Board for Correction of Military Records failed entirely to address petitioners' non-frivolous arguments. See Frizelle, 111 F.3d at 177; Calloway, 366 F.Supp. 2d at 55-56. Here, in contrast, Plaintiff asserts that the Secretary, not the BCNR failed to respond to his various non-frivolous arguments. Indeed, Plaintiff suggests that the BCNR's decision and its reasoning are comprehensive and should be followed. *Plaintiff's Motion* at 7. At the same time, Plaintiff makes no argument that the Secretary failed to review the record, which includes the BCNR's detailed memorandum. Before denying relief, the Secretary's decision references both Plaintiff's petition and the BCNR's recommendation. AR at 11. The presumption of regularity attached to the review of administrative action requires that this court presume that the Secretary reviewed those documents, as stated in his decision. See Frizelle, 111 F.3d at 176. As a result, this case does not involve a set of facts, as in Frizelle or Calloway,

where an entire argument advanced by a petitioner is ignored throughout the agency decision-making process. The BCNR considered all of Plaintiff's arguments and made its detailed recommendation to the Secretary. The Secretary, in turn, reviewed those arguments, along with the BCNR's recommendation, before denying relief. Because it "reflect[s] reasoned decision making based on evidence in the record," the Secretary's decision should be affirmed, despite the Plaintiff's disagreement. See Steel Mfrs. Ass'n v. E.P.A., 27 F.3d 642, 646 (D.C. Cir. 1994); see also Conf. of State Bank Supervisors v. Office of Thrift Supervision, 792 F. Supp. 837, 842 (D.D.C. 1992) (court must affirm decision with which it disagrees if rational basis for decision exists).

## Conclusion

For all of these reasons, Defendant respectfully asks the Court to grant his motion, deny Plaintiff's cross-motion, and enter judgment in Defendant's favor.

Dated: November 27, 2007.

                                           Respectfully submitted,

                                           JEFFREY A. TAYLOR, D.C. BAR # 498610
                                           United States Attorney

                                           /s/
                                           RUDOLPH CONTRERAS, D.C. BAR # 434122
                                           Assistant United States Attorney

                                    /s/
                              JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

Of Counsel:
Sergio F. Sarkany, Lieutenant, U.S. Navy
Litigation Attorney
Office of the Judge Advocate General
General Litigation Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND T. FULLER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD C. WINTER, Secretary of the Navy, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-2147 (JDB) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT
OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Defendant respectfully submits this response to Plaintiff's statement of material facts which are not in genuine dispute.

1. Agree. However, in addition to testimony from witnesses regarding Plaintiff's performance in the military and their personal opinions regarding retaining Plaintiff in the Navy, the BOI received evidence regarding Plaintiff's multiple acts of misconduct, including Plaintiff's non-judicial punishment package and the Report of Investigation from the Naval Inspector General. AR 247; see generally AR 246-280.

2. Agree. However, the letter from S.E. Benson does not use the word "outstanding" to describe Plaintiff's career in the Navy.

3. Agree.

4. Agree. However, Admiral Weaver's letter also states that he concurred with the BOI's findings regarding Plaintiff's misconduct. AR 244.

5. Agree.

6. Agree.

7. Agree.

8. Agree. However, AR 3, the BCNR's December 22, 2005 letter to Plaintiff explaining the recommendation of the BCNR and the Secretary's decision to deny relief, mistakenly identifies "the designated representative of the Assistant Secretary of the Navy for Manpower and Reserve Affairs" as the denial authority in Plaintiff' case. AR 3. The Assistant Secretary for Manpower and Reserve Affairs signed the decision denying Plaintiff relief. AR 11.

9. Disagree. The Assistant Secretary for Manpower and Reserve Affairs signed the decision denying Plaintiff relief. AR 11.

10. Agree that the Secretary's decision in this case is a memorandum from the Assistant Secretary Manpower and Reserve Affairs to the Chairman of the BCNR dated December 16, 2005 denying all relief to Plaintiff and rejecting the BCNR's unanimous recommended action. However, disagree that the Assistant General Counsel prepared the Assistant Secretary's December 16, 2005 memorandum. The Assistant Secretary for Manpower and Reserve Affairs authored the decision denying Plaintiff relief. AR 11.

Dated: November 27, 2007.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney

      /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

      /s/
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

Of Counsel:
Sergio F. Sarkany, Lieutenant, U.S. Navy
Litigation Attorney
Office of the Judge Advocate General
General Litigation Division