**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RAYMOND T. FULLER, JR.,          ) | |
|           ) | |
|        *Plaintiff,*    ) | |
|           ) | |
| v.          ) | Civil Action No. 06-2147 (JDB) |
|           ) | |
| DONALD C. WINTER,          ) | |
| Secretary of the Navy,          ) | |
|           ) | |
|       *Defendant.*   ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff respectfully submits this reply in support of his cross-motion. As set forth below and in Plaintiff's opening memorandum in support of his cross-motion (Pltf. Op.), the administrative record (AR) clearly demonstrates that no genuine dispute exists as to any material fact and Plaintiff is entitled to judgment as a matter of law in this case. The Board of Correction for Naval Records (BCNR) unanimously recommended that Plaintiff be granted relief. The subsequent decision by the Secretary of the Navy, which overruled the BCNR, was arbitrary, capricious, unsupported by substantial evidence, and contrary to law. Therefore, this Court should grant Plaintiff's cross-motion for summary judgment.

**ARGUMENT**

**I.      The Secretary's Decision Should Be Set Aside because It Violates Navy Regulations.**

The first ground for Plaintiff's cross-motion is that the Secretary's decision should be set aside because it violates Navy regulations. Yet, rather than addressing the specific language or application of the governing regulations, Defendant's Reply instead relies primarily upon a lengthy

discussion of cases decided under the Administrative Procedure Act (APA).  *See* Defendant's Reply

filed November 27, 2007 (Def. Reply) at 5-14.

Defendant does summarily assert that the Secretary's decision "amply satisfies the standards

in the regulations," because the Secretary has met the requirement under 32 C.F.R. § 723.7(a) for

a "brief statement of the grounds for denial."  *See* Defendant's Reply filed November 27, 2007 (Def.

Reply) at 5.  However, in quoting 32 C.F.R. § 723.7(a), Defendant omits the crucial final sentence

which defines the key terminology of "brief statement of the grounds for denial," and thus

Defendant ignores the specific regulatory standard by which the Secretary's decision must be

reviewed in this case.  *Id.*  32 C.F.R. § 723.7(a) states:

> If the Secretary's decision is to deny relief, such decision shall be in writing and,
> unless her or she expressly adopts in whole or in part the findings, conclusions and
> recommendations of the Board, or a minority report, shall include a brief statement
> of the grounds for denial.  ***See* § 723.3(e)(4).**

*Id*. (emphasis added).  Thus, not only does the governing regulation compel the Secretary to include

a "brief statement of the grounds for denial," it also defines that term by explicitly referring to

another subsection of the regulation:  32 C.F.R. § 723.3(e)(4).  That other subsection details what

a "brief statement of the grounds for denial" must  include:

> The brief statement of the grounds for denial shall include the reasons for the
> determination that relief should not be granted, including **the applicant's claims of
> constitutional, statutory and/or regulatory violations** that were rejected, **together
> with all the essential facts** upon which the denial is based, **including**, if applicable,
> **factors required by regulation to be considered for determination of the
> character of and reason for discharge**.

32 C.F.R. § 723.3(e)(4) (emphasis added).  Regulatory and statutory provisions "should, whenever

possible, be construed to achieve consistency."  *Atwell v. Merit Systems Protection Bd.*, 670 F.2d

272, 286 (D.C. Cir. 1981) (citation omitted).  Plaintiff's interpretation of this regulation achieves

such consistency.  In contrast, Defendant's interpretation would render null and void the last

sentence of 32 C.F.R. § 723.7(a).  Defendant's interpretation would thus violate the "rule that the maximum possible effect should be afforded to all [ regulatory] provisions, and, whenever possible, none of those provisions rendered null or void."  *Citizens to Save Spencer County v. U.S. Environmental Protection Agency*, 600 F.2d 844, 870 (D.C. Cir. 1979) (citations omitted). Therefore, this Court should determine that the "brief statement of the grounds for denial," which 32 C.F.R. § 723.7(a) requires to be contained in the Secretary's decision, must satisfy the definition found in 32 C.F.R. § 723.3(e)(4).

Yet, as explained in Plaintiff's opening brief, the Secretary's decision fails on its face to satisfy this definition because the Secretary's decision does not include the mandatory contents listed in 32 C.F.R. § 723.3(e)(4).  Pl. Op. at 8-9.  Plaintiff's BCNR application specifically raised numerous claims of constitutional, statutory and/or regulatory violations, including:  his discharge was overly severe; he had previously been fully disciplined for his misconduct; nonjudicial punishment was designed to rehabilitate and discipline, and should not be used to end careers; the government overstated his misconduct in the nonjudicial punishment charges; charging him under two separate punitive articles for the same conduct violates military law under *United States v. Frelix-Vann*, 55 M.J. 329 (C.A.A.F. 2001); charging him with both conduct unbecoming an officer and adultery for both relationships exaggerated his culpability in the Article 15 and BOI proceedings; changes to the UCMJ adultery article should be considered; and the combination of nonjudicial punishment and counseling had fully rehabilitated Plaintiff.  AR 37-39, 115-17.  Yet the Secretary's decision fails to discuss these claims "of constitutional, statutory and/or regulatory violation that were rejected."  AR 11.  Moreover, although Plaintiff's BCNR application addressed his involuntary separation and the characterization of his discharge as less than honorable, the Secretary's decision fails to discuss "all the essential facts upon which the denial is based" including

3

"factors required by regulation to be considered for determination of the character of and reason for discharge." AR 11. Because the Secretary's decision fails to include these requisite items, that decision is in violation of the regulations that govern this case. 32 C.F.R. §§ 723.7(a), 723.4(e)(4).

Defendant asserts that all of Plaintiff's claims raised in his BCNR application can be reduced to two general categories implied by the language of the Secretary's decision, one category relating to severity of punishment, and the second relating to the form of charges brought against him. Def. Reply at 8. Defendant then argues that all of Plaintiff's claims were either sufficiently addressed by general category, or that "there was no need for the Secretary to address [Plaintiff's claims] in his decision." Def. Reply at 8, 13. However, this argument by Defendant is directly contradicted by the explicit and unequivocal language of the Navy regulations governing this case, which mandate that the Secretary's decision to deny relief <u>shall</u> include a "brief statement of the grounds for denial" which in turn <u>shall</u> include "the reasons for the determination that relief should not be granted, including [Plaintiff's] claims of constitutional, statutory and/or regulatory violations that were rejected, together with all the essential facts upon which the denial is based, including, if applicable, factors required by regulation to be considered for determination of the character of and reason for discharge." 32 C.F.R. §§ 723.7(a), 723.4(e)(4). Obviously, for the Secretary to dismiss Plaintiff's numerous individual claims with merely a brief general discussion, or else with absolutely no discussion whatsoever, is categorically prohibited by the governing statute.

It is a fundamental premise of military law that, while the Secretary of the Navy is not obligated to adopt regulations, once such regulations are adopted then the Secretary is required by law to follow them. *Service v. Dulles* 354 U.S. 363, 388 (1957); *Ortiz v. Secretary of Defense*, 41 F.3d 738, 741 (D.C. Cir. 1994) (the "Army, of course, is bound to follow its own regulations"); *Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997) (the "Coast Guard, like the military

departments and agencies in general, is bound to follow its own regulations).  Defendant asserts that there are "no magic words" that are required in the Secretary's decision.  Def. Reply at 12. However, it is undisputed that the Secretary of the Navy adopted regulations that govern the case at bar, and those regulations explicitly require the Secretary to issue a written decision containing specific items in order for the Secretary to reject unanimous findings and recommendations by the BCNR.  32 C.F.R. §§ 723.7(a), 723.4(e)(4).  The Secretary's decision fails on its face to comply with those governing regulations.  AR 11.  The Secretary's decision is thus arbitrary, capricious, and contrary to law.  *Ingram Barge Co. v. United States*, 884 F.2d 1400, 1405 (D.C. Cir. 1989).  *See also Antonuk v. United States*, 445 F.2d 592, 595 (6th Cir. 1971) ("violation by the military of its own regulations constitutes a violation of an individual's right to due process of law").  Consequently, the Secretary's decision should be set aside.  *Ingram Barge Co.*, 884 F.2d at 1405.

## II.     The Secretary's Decision Should Be Set Aside because It Violates the APA.

In addition to setting the Secretary's decision aside on the basis that it violates the regulatory requirements of 32 C.F.R. §§ 723.7(a) and 723.4(e)(4), this Court should also set aside the Secretary's decision because it violates the APA in that it is arbitrary, capricious, unsupported by substantial evidence, and contrary to law.  In reviewing the Secretary's decision under the APA, this Court must "examine whether or not the [Secretary] has considered all of the evidence before it, and if so, if it has stated why evidence contrary to the final decision was 'disregarded or given less weight.'"  *Smith v. Dalton*, 927 F. Supp. 1, 5 (D.D.C. 1996) (citation omitted).  The Secretary's decision fails to meet this APA standard.

Defendant essentially argues that the Secretary's decision should be upheld because it is "informed by plaintiff's petition, the recommendations of the BCNR, the Board of Inquiry ("BOI"), and the Secretary's predecessor," or in other words, that the Secretary's decision "requires little

5

explanation" because of the "ample material" in the administrative record.  *See* Def. Reply at 5-6.

Defendant asserts that "the rationale supporting the Secretary's denial of relief" can be "discerned

by reference to the administrative record."  Def. Reply at 11.

Contrary to Defendant's argument, however, such reliance on the record is inappropriate in

this case.  *See Environmental Defense Fund, Inc. v. EPA*, 465 F.2d 528, 537-38 (D.C. Cir. 1972).

It is inappropriate because the administrative record contains significant inconsistencies, even to the

extent of being unclear and contradictory as to which agency official actually decided this case.

There is conflicting evidence in the record as to whether  it was the Assistant General Counsel,

rather than the Assistant Secretary of the Navy for Manpower and Reserve Affairs, who actually

made the subject decision.  AR 3, 12.  There is also conflicting evidence in the record as to whether

the Assistant General Counsel even possessed the legal authority to make such decision given the

requirement to refer the case back to the Assistant Secretary since this was clearly a case "where a

senior officer has expressed support" for Plaintiff.  AR 3, 12.  *See generally* Pltf. Op. at 13-15.

Moreover, as the District of Columbia Circuit has ruled, the Secretary's decision itself must

be sufficient in its reasoning such that "the agency's path may be reasonably discerned" by this

Court.  *Dickson v. Secretary of Defense*, 68 F.3d 1396, 1404 (D.C. Cir. 1995).  This Court "'may

not supply a reasoned basis for the [Secretary's] decision that the [Secretary] itself has not given.'"

*Id.* at 1406 (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43

(1983)).  Because the Secretary's decision in the case at bar lacks this requisite minimal reasoning,

Defendant attempts in its briefing to retroactively clarify the Secretary's decision.  For example,

Defendant divides all of Plaintiff's claims into two general categories and then asserts that the

Secretary's decision sufficiently addressed these general categories.  *See* Def. Reply at 8.  Yet the

government's arguments attempting to justify the Secretary's decision by dividing Plaintiff's

6

specific claims into two general categories, is "of no avail at this stage of the process," because "even if the government's arguments had merit" this Court could not uphold the Secretary's decision "where it did not address those arguments in its decision." *Dickson*, 68 F.3d at 1406 n.16. The law does not allow the Defendant to provide an analysis to retroactively justify and explain the Secretary's decision. The law instead requires that the Secretary, at the time the decision is made, "must cogently explain why it has exercised its discretion in a given manner." *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 48. Defendant's attempt to clarify the Secretary's decision after the fact is an approach that has been expressly prohibited by the Supreme Court:

> [T]he courts may not accept appellate counsel's *post hoc* rationalizations for agency action. It is well-established that **an agency's action must be upheld, if at all, on the basis articulated by the agency itself**.

*Id.* at 50 (citations omitted) (emphasis added).

As detailed above, Plaintiff's BCNR application raised numerous arguments that the Secretary's decision does not address. *See* discussion above at 3-4. *See also* Pltf. Op. at 10-11. Contrary to Defendant's forced interpretation and "*post hoc* rationalizations," the Secretary's decision does not divide Plaintiff's numerous specific claims into "two categories" of "group (a)" and "group (b)" and then proceed to analyze them by category. Def. Reply at 8. Instead, as is clear from its face, the Secretary's decision simply fails to address most of Plaintiff's arguments at all. AR 11. Yet failing to address even one of these arguments raised by Plaintiff "which do not appear frivolous on their face" and could affect the Secretary's "ultimate disposition" is arbitrary and capricious under the APA. *Calloway v. Brownlee*, 366 F. Supp. 2d 43, 55 (D.D.C. 2005). *See also Mudd v. Caldera*, 26 F. Supp. 2d 113, 120-21 (D.D.C. 1998) (Assistant Secretary of the Army's decision rejecting BCMR's recommendation for relief "was arbitrary and capricious because it failed to address a seemingly meritorious argument" raised by plaintiff); *Frizelle*, 111 F.3d at 177 (D.C.

Circuit ruled BCMR's decision arbitrary because it did not respond to two of plaintiff's arguments "which do not appear frivolous on their face and could affect" the ultimate disposition). As stated recently by this Court:

> **If the agency decides to disregard this argument, then it must expressly indicate that it has done so.** Otherwise neither [the plaintiff] nor this court would be able to discern whether the [Secretary] considered and was unpersuaded by those factors or whether the [Secretary] simply excluded them from its decision making process. Moreover, if the [Secretary] excludes those factors from consideration it must explain its rationale for doing so.

*Calloway*, 366 F. Supp. 2d at 55 (citation omitted) (emphasis added). The Secretary's decision here fails to address such seemingly meritorious arguments raised by Plaintiff. AR 11. The Secretary's decision is thus arbitrary, capricious, and contrary to law, and thus should be set aside. *Frizelle*, 111 F.3d at 177; *Calloway*, 366 F. Supp. 2d at 55; *Mudd*, 26 F.Supp.2d at 120-121.

<u>**CONCLUSION**</u>

The Secretary of the Navy is bound to follow its own regulations. *Service*, 354 U.S. at 388; *Ortiz*, 41 F.3d at 741; *Frizelle*, 111 F.3d at 177. The Secretary failed to do so in this case. 32 C.F.R. §§ 723.7(a), 723.4(e)(4). Therefore, the Secretary's decision should be set aside. *Ingram Barge Co.*, 884 F.2d at 1405.

Under the APA, the Court must hold unlawful and set aside agency actions, findings, and conclusions that violate 5 U.S.C. § 706(2). In order for the Court to conduct its necessary review of the Secretary's decision, the Court must be able to discern the Secretary's path, including whether the Secretary considered and was unpersuaded by certain arguments raised by Plaintiff, or whether the Secretary simply excluded them. *Dickson*, 68 F.3d at 1404; *Calloway*, 366 F. Supp. 2d at 55. Yet here the Secretary of Navy fails to specifically address non-frivolous arguments raised by Plaintiff and fails to explain the rationale for its decision. AR 11. Thus the Secretary's decision

should be set aside because it is arbitrary, capricious, unsupported by substantial evidence, and contrary to law. *Frizelle*, 111 F.3d at 177; *Calloway*, 366 F. Supp. 2d at 55; *Mudd*, 26 F.Supp.2d at 120-121.

Therefore, based on the foregoing, and because there is no genuine dispute of material fact and Plaintiff is entitled to judgment as a matter of law, Plaintiff's cross-motion for summary judgment should be granted.

Respectfully submitted,

/s/

David P. Sheldon (446039)
LAW OFFICES OF DAVID P. SHELDON, PLLC
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575

Attorney for Plaintiff

December 11, 2007